UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

*Heather L. Anderson v. Bayer Corp., et al.*     No. 3:12-cv-20121-DRH-PMF

ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT

I.     INTRODUCTION

This matter is before the Court on the defendants', Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals Inc. (collectively "Bayer Defendants") motion for an order directing the plaintiff to file a more definite statement of complaint pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 5).  For the reasons discussed below the motion is **GRANTED**.

II.     BACKGROUND

On October 1, 2009 the United States Judicial Panel on Multidistrict Litigation ("JPML") established this multidistrict litigation consolidating *federal* lawsuits for harm allegedly resulting from the purchase and use of oral contraceptives containing drospirenone (3:09-md-2100-DRH-PMF Doc. 1). Separate and apart from this multidistrict litigation, there are three state court dockets consolidating state court actions involving oral contraceptives containing

drospirenone. These parallel state court dockets are in New Jersey, California and Pennsylvania, Although this Court makes every effort to coordinate its proceedings with the parallel state court proceedings, each court operates independently. Thus, case management orders adopted by this MDL do not govern consolidated proceedings in the parallel state court cases and vice versa.[1]

In the instant case, the plaintiff filed her claim in Utah state court. The action was removed to the United States District Court for the District of Utah based on diversity of citizenship (Doc. 3). Shortly thereafter, the action was transferred to this multidistrict litigation (Doc. 6). In filing her claim, the plaintiff utilized a short form and master long form complaint authorized for use in the consolidated state court proceedings in New Jersey (Doc. 5-3). The short form and master long form utilized by the plaintiff have not been adopted by this MDL. Further, there is no indication that the forms utilized by the plaintiff are authorized in a Utah state court action.

In their briefing, the Bayer defendants contend the plaintiff's complaint is inadequate because (1) the short form and master long form complaint utilized by the plaintiff are not appropriate for use in a Utah state court action or in this MDL and (2) even if the short form and master long form complaint utilized by the plaintiff were approved for use, the plaintiff has failed to adequately identify her

---

[1] Of course, the independent Courts always have the option of jointly adopting orders. In the instant case, however, this Court has not adopted the short form and master long form complaint case management order that was adopted by the New Jersey State Court.

claims and damages, rendering her complaint so vague and ambiguous the Bayer Defendants cannot prepare a response (Doc. 5). Specifically, the Bayer Defendants note that the New Jersey Master Complaint is intended to encompass all possible claims and is intentionally overbroad. *Id*. p. 3. Accordingly, plaintiffs in New Jersey must identify "Specific Allegations and Theories of Recovery" by checking one or more of twenty-three boxes. *Id*. In the instant case, the plaintiff did not check any of the boxes or identify the theories upon which her claims are based. *Id.* In addition, the Bayer Defendants note that although the plaintiff checked the boxes naming all the potential defendants she does not to identify which allegations apply to the Bayer Defendants.

In response to the Bayer Defendants' motion, the plaintiff simply submitted a single paragraph responsive pleading attaching, as exhibits, a revised short form and master long form complaint. The responsive pleading states that the revised short form and master long form complaint (hereinafter the "proposed amended complaint") were prepared in compliance with "*this* Court's Case Management Order No. 10." (Doc. 9) (emphasis added). The plaintiff further states that the proposed amended complaint sufficiently clarifies and narrows her allegations. *Id*.

## LEGAL STANDARDS

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or

3

ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

## ANALYSIS

The plaintiff's original complaint is ambiguous as to which, if any, of the listed causes of action are being asserted with regard to which defendant. It is also ambiguous with regard the relationship between the allegations, the causes of action, and the remedies being sought. The minimal additional information provided in the plaintiff's proposed amended complaint does not resolve the identified ambiguities. <u>Most importantly, however, the short form and long form complaint utilized by the plaintiff</u> <u>have not been approved for use in this Court and there is no indication that they are approved for use in Utah State Court</u>. For the reasons discussed herein, the Bayer Defendants motion for a more definite statement is **GRANTED.**

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint on or before Friday March 8, 2013. The plaintiff may not utilize the short form and master long form complaint approved for use in the New Jersey State Court Proceedings. The complaint must contain a complete statement of each cause of action and must specify the following: (1) which causes of action are asserted

against which defendants; (3) which allegations are related to each cause of action; and (4) which remedies are related to each cause of action.

**IT IS FURTHER ORDERED** that the plaintiff's second-filed responsive pleading (Doc. 11) is **STRICKEN** as duplicative. The response filed on January 29, 2013 is identical to the response filed on January 28, 2013 (Doc. 9).[2]

**IT IS FURTHER ORDERED** that Exhibit A, attached to the plaintiff's January 29, 2013 responsive pleading (Docs 11-1 through 11-10) is stricken pursuant to Local Rule 15.1. Exhibit A is, in essence, a proposed amended complaint. Pursuant to Local Rule 15.1 proposed pleadings are submitted to the Court via email and are not filed with the Court.

So Ordered:

Digitally signed by David R. Herndon
Date: 2013.02.04 15:01:14 -06'00'

**Chief Judge**  
**United States District Court**

Date: **February 4, 2013**

---

[2] The Notice of Errors issued on January 29, 2013 notified the filer that Exhibit A to Doc. 9 was missing as an attachment. The filer was instructed to refile *Exhibit A* and to electronically link Exhibit A to the Response at Document 9. Instead, the filer filed a second responsive pleading at Doc. 11 and linked Exhibit A to the second-filed responsive pleading.

5